JUSTICE LEAPHART
specially concurring.
¶45 I concur in the decision of the Court. I write separately to point out an additional fact that I find significant in determining whether or not the waivers inherent in the arbitration agreement were within Alice Kloss’s reasonable expectations.
¶46 The Court notes that the 1998 Agreement contained a pre-dispute arbitration clause which was not signed by Kloss. Rather, Kloss signed a detachable signature card that acknowledged she received a copy of the 1998 Agreement and incorporated the Agreement’s arbitration clause by reference. I would also add that the record indicates that the detachable signature card was signed by Kloss before she was ever provided a copy of the Agreement. The branch office administrator, Donna Ferderer, testified that she filled out the Jones account number, wrote Kloss’s social security number on the form, wrote the type of *137 registration of the account, and tore the detachable card out of the brochure. Ferderer testified that, “I gave it to Alice and told Alice I need her signature right here. And for her to please indicate her capacity.” Ferderer then took the form back, gave Kloss the disclosure statement, advised her that “these are the terms and conditions of opening up an Edward D. Jones account, keep these for your records. We retain this copy for our home office.”
¶47 Although the detachable signature card states that the Agreement “contains a pre-dispute arbitration clause,” it does not advise Kloss that in submitting to arbitration she waives her right to access to the courts,*her right to jury trial, her right to reasonable discovery, her right to findings of fact based on the evidence and her right to enforce the law applicable to her case by way of appeal. Unless, in advance of executing the signature card, Kloss was advised of the fact that an agreement to arbitrate effectively waived the above rights, it cannot be said that such waivers were within her reasonable expectations when she signed. Reasonable expectations are, by their very nature, prospective; they are defined before one enters into a contract, not after. Thus the terms and conditions governing the account should have been provided to or explained to Kloss before having her execute the signature card. Recognizing the routine practice between the parties, the Court notes that Kloss did not read the contract. However, even if she had read the Agreement, it would not have made any difference since it was not handed to her until after she signed the detachable card.
JUSTICE RICE joins in the concurring opinion of JUSTICE LEAPHART.